FILED
January 17, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: _____CR_____
        Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CRIMINAL NO. **DR:24-CR-00111-AM** |
| Plaintiff, | § | |
| v. | § | **INDICTMENT** |
| JOSE ANTONIO LOPEZ LOPEZ, | § | [COUNT ONE: Conspiracy to traffic firearms, 18 U.S.C. § 933(a)(1), (a)(3), and (b); COUNT TWO: Trafficking Firearms 18 U.S.C. § 933(a)(1) and (b);COUNT THREE: 18 U.S.C. § 554, Smuggling Goods from the United States |
| Defendant. | § | |
| | § | **FORFEITURE** |

THE GRAND JURY CHARGES:

COUNT ONE
[18 U.S.C. § 933(a)(1), (a)(3), and (b)]

Beginning on a date unknown but no later than December 22, 2023, in the Western District of Texas, Defendant,

JOSE ANTONIO LOPEZ LOPEZ,

did knowingly conspire and agree together and with persons known and unknown, to ship, transport, transfer, cause to be transported, and otherwise dispose of one and more firearms, including but not limited to:

1) a .45 caliber Para Ordnance Pistol (S/N: DA6874)

to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony (as defined in section 932(a)), in violation of Title 18, United States Code, Sections 933(a)(1), (a)(3), and (b).

COUNT TWO
[18 U.S.C. § 933(a)(1) and (b)]

On or about December 22, 2023, in the Western District of Texas, Defendant,

JOSE ANTONIO LOPEZ LOPEZ,

did ship, transport, transfer, cause to be transported, and otherwise dispose of one and more firearms, including but not limited to:

1) a .45 caliber Para Ordnance Pistol (S/N: DA6874)

to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony, (as defined in section 932(a)) in violation of Title 18, United States Code, Sections 933(a)(1) and (b).

COUNT THREE
(18 U.S.C. § 554)

INTRODUCTION

At all times relevant to this Indictment:

1. The Commerce Control List ("CCL"), located at Title 15, Code of Federal Regulations, Section 774, details commodities, software, and technology subject to control by the United States Department of Commerce, Bureau of Industry and Security pursuant to the Export Control Reform Act, Title 50, United States Code, Chapter 58.

2. The CCL is part of the Export Administration Regulations ("EAR"), located at Title 15, Code of Federal Regulations, Section 730 *et seq*.

3. Firearms are designated as controlled items in Section 774, Appendix Supplement Number 1 of the CCL.

4. Ammunition is designated as controlled item in Section 774, Appendix Supplement Number 1 of the CCL.

5. According to Title 15, Code of Federal Regulations, Section 736.2, a person may not export an item subject to the EAR to another country if exporting that item to that country requires a license.

6. Exportation of firearms and ammunition to Mexico requires a license.

7. Defendant JOSE ANTONIO LOPEZ LOPEZ did not have a license or any authority to export firearms or ammunition out of the United States to Mexico.

That on or about December 22, 2023, in the Western District of Texas, Defendant,

JOSE ANTONIO LOPEZ LOPEZ,

knowingly and unlawfully concealed, bought, or facilitated the transportation and concealment of any merchandise, article and object, prior to exportation, knowing the same to be intended for exportation from the United States, contrary to any law or regulation of the United States, to-wit: a .45 caliber Para Ordnance pistol (S/N: DA6874), three .45 caliber pistol magazines for a .45 caliber Para Ordnance pistol, 34 rounds of .45 caliber ammunition, 200 round of 9mm ammunition and 40 thirty-round AR rifle magazines, which are controlled items as defined in the CCL, and the Defendant had not received a license or authorization for such export, in violation of Title 50, United States Code, Section 4819 and Title 15, Code of Federal Regulations, Sections 774 and 736.2(b)(1), all in violation of Title 18, United States Code, Section 554.

**NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE**
[*See* FED. R. CRIM. P. 32.2]

**I.**
**Firearms Violations and Forfeiture Statute**
[Title 18 U.S.C. § 933(a)(1)/(3),
subject to forfeiture pursuant to Title 18 U.S.C. § 934(a) and 924(d)(1),
made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c).]

As a result of the foregoing criminal violations set forth in Counts One and Two, the United States of America gives notice to the Defendant of its intent to seek the forfeiture of property, including any items listed below, upon conviction and as a part sentence pursuant to FED. R. CRIM. P. 32.2 and Title 18 U.S.C. § 934(a) and 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which state the following:

**Title 18 U.S.C. § 934. Forfeiture and fines**
**(a) Forfeiture.—**
   **(1) In general.** Any person convicted of a violation of section 932 or 933 shall forfeit to the United States, irrespective of any provision of State law—
      **(A)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; and
      **(B)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, except that for any forfeiture of any firearm or ammunition pursuant to this section, section 924(d) shall apply.
   **(2) Imposition.** —The court, in imposing sentence on a person convicted of a violation of section 932 or 933, shall order, in addition to any other sentence imposed pursuant to section 932 or 933, that the person forfeit to the United States all property described in paragraph (1).

**Title 18 U.S.C. § 924. Penalties**
   **(d)(1)** Any firearm or ammunition involved in or used in . . . any other criminal law of the United States . . . shall be subject to seizure and forfeiture . . .

## II.
## Smuggling Violation and Forfeiture Statutes
**[Title 18 U.S.C. § 554,
subject to forfeiture pursuant to Title 19 U.S.C. § 1595a(d) and Title 18 U.S.C. § 981(a)(1)(C), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c).]**

As a result of the foregoing criminal violation set forth in Count One, the United States of America gives notice to the Defendant of its intent to seek the forfeiture of the property, including the items listed below, upon conviction and as part of sentencing pursuant to FED. R. CRIM. P. 32.2 and Title 19 U.S.C. § 1595a(d) and Title 18 U.S.C. § 981(a)(1)(C), made applicable to criminal forfeiture pursuant to Title 28 U.S.C. § 2461(c), which state the following:

   **Title 19 U.S.C. § 1595a. Aiding unlawful importation**
                              ***
   **(d) Merchandise exported contrary to law**
   Merchandise exported or sent from the United States or attempted to be exported or sent from the United States contrary to law, or the proceeds or value thereof, and property used to facilitate the exporting or sending of such merchandise, the attempted exporting or sending of such merchandise, or the receipt, purchase, transportation, concealment, or sale of such merchandise prior to exportation shall be seized and forfeited to the United States.

**Title 18 U.S.C. § 981.  Civil Forfeiture**
   **(a)(1)** The following property is subject to forfeiture to the United States:

                                      * * *

   **(C)** Any property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting "*specified unlawful activity*" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

   Title 18 U.S.C. § 554 is a specified unlawful activity.

This Notice of Demand for Forfeiture includes but is not limited to the following.

1. **Para Ordnance .45 caliber pistol, s/n DA6874;**
2. **(3) .45 caliber pistol magazines for a .45 caliber Para Ordnance pistol;**
3. **34 rounds .45 caliber ammunition;**
4. **200 rounds 9mm ammunition;**
5. **(40) 30 round AR rifle magazines; and**
6. **Any other related ammunition and firearm accessories.**

## II.
## Money Judgment

**Money Judgment:** A sum of money equal to proceeds traceable to the smuggling violations for which the Defendant is liable.

## III.
## Substitute Property

If any proceeds traceable to the smuggling violations, as a result of any act or omission of the Defendant—

   (A) cannot be located upon the exercise of due diligence;
   (B) has been transferred or sold to, or deposited with, a third party;
   (C) has been placed beyond the jurisdiction of the court;
   (D) has been substantially diminished in value; or
   (E) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek the forfeiture of any other property of the Defendant, up to the value of the money judgment, as substitute property pursuant to Title 21 U.S.C. § 853(p) and FED. R. CRIM. P. 32.2(e).

A TRUE BILL.

███████████████████

FOREPERSON

JAIME ESPARZA
United States Attorney

By: _____ *James T. Ward* FOR
ZACHARY D. BIRD
Assistant United States Attorney